**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEE V. TOWLES,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>JAMES DZURENDA, NDOC Director; et al.,<br><br>        Defendants-Appellees. | No.   18-15253<br><br>D.C. No. 3:17-cv-00109-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Nevada state prisoner Dee V. Towles appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging violations of the Health

Insurance Portability and Accountability Act ("HIPAA") and verbal harassment.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wilhelm v.*

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Towles's claim alleging HIPAA violations because there is no private right of action under the statute. *See Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) ("HIPAA . . . provides no private right of action." (citation omitted)).

The district court properly dismissed Towles's claim based on alleged verbal abuse by prison personnel because "verbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended on denial of reh'g by* 135 F.3d 1318 (9th Cir. 1998).

We do not consider materials that were not before the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) (a party generally may not add to or enlarge the record on appeal to include material that was not before the district court).

We do not consider matters not raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-15253